MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SANDRA LEIBOWITZ,

               *Plaintiff*,

   -against-

D&I FASHION GROUP, INC. (D/B/A
BASIX BLACK LABEL), and DAVID
SADOT,

               *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**ECF Case**

      Plaintiff Sandra Leibowitz ("Plaintiff Leibowitz" or "Ms. Leibowitz"), individually, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against D&I Fashion Group, Inc. (d/b/a Basix Black Label), ("Defendant Corporation") and David Sadot, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

    1.    Plaintiff Leibowitz is a former employee of Defendants D&I Fashion Group, Inc. (d/b/a Basix Black Label) and David Sadot.

    2.    Defendants own, operate, or control a women's fashion wholesaler, located at 230 West 38th Street New York, NY 10018 operating under the name "Basix Black Label".

    3.    Upon information and belief, individual Defendant David Sadot, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the business as a joint or unified enterprise.

    4.    Plaintiff Leibowitz was an employee of Defendants.

5. Plaintiff Leibowitz was employed as a sales employee at the wholesaler located at 230 West 38th Street New York, NY 10018.

6. At all times relevant to this Complaint, Plaintiff Leibowitz worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Leibowitz appropriately for any hours worked.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Leibowitz to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff Leibowitz now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Leibowitz's state law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a wholesaler located in this district. Further, Plaintiff Leibowitz was employed by Defendants in this district.

## **PARTIES**

*Plaintiff*

12.     Plaintiff Sandra Leibowitz ("Plaintiff Leibowitz" or "Ms. Leibowitz") is an adult individual residing in New York County, New York.

13.     Plaintiff Leibowitz was employed by Defendants at Basix Black Label from approximately March 24, 2001 until on or about June 30, 2017.

14.     Plaintiff Leibowitz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b).

*Defendants*

15.     At all relevant times, Defendants own, operate, or control a clothing wholesaler, located at 230 West 38th Street New York, NY 10018 under the name "Basix Black Label".

16.     Upon information and belief, D&I Fashion Group, Inc. (d/b/a Basix Black Label) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 230 West 38th Street New York, NY 10018.

17.     Defendant David Sadot is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Sadot is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Sadot possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Leibowitz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

18. Defendants operate a clothing wholesaler located in the Midtown West section of Manhattan in New York City.

19. Individual Defendant, David Sadot, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Each Defendant possessed substantial control over Plaintiff Leibowitz's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Leibowitz.

22. Defendants jointly employed Plaintiff Leibowitz and are Plaintiff Leibowitz's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23. In the alternative, Defendants constitute a single employer of Plaintiff Leibowitz.

24. Upon information and belief, Individual Defendant David Sadot operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

      d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

      e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

      f) intermingling assets and debts of his own with Defendant Corporation,

      g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

      h) Other actions evincing a failure to adhere to the corporate form.

25. At all relevant times, Defendants were Plaintiff Leibowitz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Leibowitz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Leibowitz's services.

26. In each year from 2012 to 2017, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

27. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the wholesaler on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

28. Plaintiff Leibowitz is a former employee of Defendants who was employed as a sales employee.

*Plaintiff Sandra Leibowitz*

29. Plaintiff Leibowitz was employed by Defendants from approximately March 24, 2001 until on or about June 30, 2017.

30. Defendants employed Plaintiff Leibowitz as a sales employee.

31.     Plaintiff Leibowitz regularly handled goods in interstate commerce, such as clothes and other supplies produced outside the State of New York.

32.     Throughout her employment with Defendants, Plaintiff Leibowitz regularly worked in excess of 40 hours per week.

33.     From approximately April 2012 until on or about March 2017, Plaintiff Leibowitz worked from approximately 9:00 p.m. until on or about 6:00 p.m. to 6:15 p.m., 5 days a week (typically 45 to 46.25 hours per week).

34.     However, from 2012 to 2015, five weeks per year Plaintiff Leibowitz would work a more intensive schedule to accommodate fashion events. During these weeks Plaintiff Leibowitz worked from approximately 8:00 a.m. until on or about 6:00 or 6:30 p.m. approximately six or seven days a week.(typically sixty to seventy hours per week)

35.     From 2015 to 2017, this intensive schedule applied for three weeks per year. During these weeks Plaintiff Leibowitz worked from approximately 8:00 a.m. until on or about 6:00 or 6:30 p.m. approximately six or seven days a week.(typically sixty to seventy hours per week).

36.     From approximately March 2017 until on or about June 30, 2017, Plaintiff Leibowitz worked from approximately 9:00 a.m. until on or about 6:00 p.m. to 6:15 p.m., 3 days a week (typically 27 to 27.75 hours per week).

37.     Throughout her employment, Defendants paid Plaintiff Leibowitz her wages by personal check.

38.     From approximately April 2012 until on or about January 2014, Defendants paid Plaintiff Leibowitz a fixed salary of $1350 per week.

39.     From approximately January 2014 until on or about March 2017, Defendants paid Plaintiff Leibowitz a fixed salary of $1400 per week.

40.     From approximately March 2017 until on or about June 30, 2017, Defendants paid Plaintiff Leibowitz a fixed salary of $840 per week.

41. Plaintiff Leibowitz's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

42. Defendants never granted Plaintiff Leibowitz any breaks or meal periods of any kind.

43. Plaintiff Leibowitz was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

44. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Leibowitz regarding overtime and wages under the FLSA and NYLL.

45. Defendants did not provide Plaintiff Leibowitz an accurate statement of wages, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Leibowitz of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Leibowitz to work in excess of 40 hours a week without paying her appropriate overtime compensation as required by federal and state laws.

48. Plaintiff Leibowitz was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

49. Defendants habitually required Plaintiff Leibowitz to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Plaintiff Leibowitz was paid her wages by check.

52. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Leibowitz worked, and to avoid paying Plaintiff Leibowitz properly for her full hours worked.

54. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Leibowitz.

56. Defendants failed to provide Plaintiff Leibowitz with accurate wage statements at the time of her payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57. Defendants failed to provide Plaintiff Leibowitz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

58. Plaintiff Leibowitz repeats and realleges all paragraphs above as though fully set forth herein.

59. At all times relevant to this action, Defendants were Plaintiff Leibowitz's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Leibowitz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

60. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

61. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

62. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Leibowitz overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

63. Defendants' failure to pay Plaintiff Leibowitz, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff Leibowitz was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

65. Plaintiff Leibowitz repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Leibowitz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Leibowitz, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

67. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Leibowitz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68. Defendants' failure to pay Plaintiff Leibowitz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

69. Plaintiff Leibowitz was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

70. Plaintiff Leibowitz repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants failed to provide Plaintiff Leibowitz with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72. Defendants are liable to Plaintiff Leibowitz in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

73. Plaintiff Leibowitz repeats and realleges all paragraphs above as though fully set forth herein.

74. With each payment of wages, Defendants failed to provide Plaintiff Leibowitz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75. Defendants are liable to Plaintiff Leibowitz in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Leibowitz respectfully requests that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Leibowitz;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Leibowitz's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Leibowitz ;

(d)     Awarding Plaintiff Leibowitz damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Leibowitz liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Leibowitz;

(g)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Leibowitz's compensation, hours, wages and any deductions or credits taken against wages;

(h)     Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Leibowitz;

(i)     Awarding Plaintiff Leibowitz damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(j)     Awarding Plaintiff Leibowitz damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiff Leibowitz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)     Awarding Plaintiff Leibowitz pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff Leibowitz the expenses incurred in this action, including costs and attorneys' fees;

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Leibowitz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
May 2, 2018

                                                              MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 20, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name:                              Sandra Leibowitz

Legal Representative:              Michael Faillace & Associates, P.C.

Signature:                         *Sandra Leibowitz*

Date:                              April 20, 2018

*Certified as a minority-owned business in the State of New York*